**Opinion issued June 20, 2019**



In The

# Court of Appeals

For The

# First District of Texas

———————————

## NO. 01-18-00344-CR

———————————

**RICARDO CAZAREZ, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

**On Appeal from the 208th District Court**
**Harris County, Texas**
**Trial Court Case No. 1544042**

## MEMORANDUM OPINION

Ricardo Cazarez pleaded guilty in 2017 to the offense of theft from the elderly in an amount more than $1,500 but less than $20,000. *See* TEX. PENAL CODE § 31.03. In accordance with the plea bargain, the trial court sentenced Cazarez to 5 years in the Texas Department of Criminal Justice, but suspended the sentence and placed

Cazarez on 5 years of community supervision. The State subsequently moved to revoke community supervision. Cazarez pled true to the alleged violations and the trial court signed a judgment revoking community supervision and sentencing Cazarez to 5 years in the Institutional Division of the Texas Department of Criminal Justice. At the same time, appellant's community supervision in a related case was also revoked and the trial court ruled that the two sentences would run consecutively.

On appeal, Cazarez's appointed counsel filed a motion to withdraw, along with a brief, stating that the record presents no reversible error and the appeal is without merit and is frivolous. *See Anders v. California*, 386 U.S. 738 (1967).

Counsel's brief meets the *Anders* requirements by presenting a professional evaluation of the record and supplying us with references to the record and legal authority. 386 U.S. at 744; *see also High v. State*, 573 S.W.2d 807, 812 (Tex. Crim. App. 1978). Counsel indicates that he has thoroughly reviewed the record and is unable to advance any grounds of error that warrant reversal. *See Anders*, 386 U.S. at 744; *Mitchell v. State*, 193 S.W.3d 153, 155 (Tex. App.—Houston [1st Dist.] 2006, no pet.).

Counsel advised Cazarez of his right to access the record and provided him with a form motion for access to the record. Counsel further advised Cazarez of his right to file a pro se response to the *Anders* brief. Cazarez requested and was given access to the record and he filed a pro se response to counsel's brief.

We have independently reviewed the entire record in this appeal, and we conclude that no reversible error exists in the record, there are no arguable grounds for review, and the appeal is frivolous. *See Anders*, 386 U.S. at 744 (emphasizing that reviewing court—and not counsel—determines, after full examination of proceedings, whether appeal is wholly frivolous); *Garner v. State*, 300 S.W.3d 763, 767 (Tex. Crim. App. 2009) (reviewing court must determine whether arguable grounds for review exist); *Bledsoe v. State*, 178 S.W.3d 824, 826–27 (Tex. Crim. App. 2005) (same); *Mitchell*, 193 S.W.3d at 155 (reviewing court determines whether arguable grounds exist by reviewing entire record). We note that an appellant may challenge a holding that there are no arguable grounds for appeal by filing a petition for discretionary review in the Texas Court of Criminal Appeals. *See Bledsoe*, 178 S.W.3d at 827 & n.6.

We affirm the judgment of the trial court and grant counsel's motion to withdraw.[1] Attorney Inger H. Chandler must immediately send Cazarez the required notice and file a copy of the notice with the Clerk of this Court. *See* TEX. R. APP. P. 6.5(c). We dismiss any pending motions as moot.

**PER CURIAM**

Panel consists of Chief Justice Radack and Justices Higley and Hightower.

---

[1] Appointed counsel still has a duty to inform appellant of the result of this appeal and that he may, on his own, pursue discretionary review in the Texas Court of Criminal Appeals. *See Ex Parte Wilson*, 956 S.W.2d 25, 27 (Tex. Crim. App. 1997).

Do not publish.  TEX. R. APP. P. 47.2(b).